## 22957. BROWN & STEPHENS PIPELINE CONTRACTORS, INC. v. SHIPP.

Submitted May 11, 1965—Decided May 18, 1965.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Warner R. Wilson, Jr.*, for plaintiff in error.
*J. M. Grubbs, Jr.*, contra.

Grice, Justice. The assignment of error sought to be reviewed is upon the overruling of the defendant's demurrers to the plain-

tiff's suggestion of dissolution of the defendant corporation. It grew out of a petition for damages filed in the Superior Court of Fulton County by Mrs. Mary Shipp against Brown & Stephens Pipeline Contractors, Inc.

The plaintiff later entered a suggestion of dissolution of the defendant corporation. She alleged essentially that subsequent to the filing of this suit, the same court had signed an order purportedly dissolving such corporation, and that by operation of law its directors became its trustees. She specified such directors and prayed that their names be entered upon the record, that notice thereof be served upon the corporation's counsel, and that the cause proceed to final judgment against such directors as trustees by the name of the corporation.

Thereupon, the trial court, reciting such notice to counsel, ordered that the names of the directors be entered upon the record and that the cause proceed to final judgment as prayed.

To the plaintiff's suggestion of dissolution the defendant corporation filed demurrers attacking the constitutionality of Ga. L. 1937-38, Ex. Sess., Sec. 38, pp. 214, 243 (*Code Ann.* § 22-1876), which it contends is the authority for the plaintiff's prayer that the cause proceed to final judgment against the directors as trustees by the name of the corporation. The demurrers assert that such section violates the due process clauses of the State and Federal Constitutions in stated particulars.

The assignment of error here is upon the overruling of such demurrers to the suggestion of dissolution.

The plaintiff filed a motion to dismiss the bill of exceptions upon the ground that it is premature in that there has been no final determination of the cause originally sued upon and if such ruling had been rendered as contended by the defendant it would not have been a final disposition of the main issue still pending in the trial court.

We find this motion to be meritorious.

*Code Ann.* § 6-701, in material part, provides that "No cause shall be carried to the Supreme Court . . . while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause. . ."

Applying that rule to the facts here, we must hold that the judgment complained of is not now reviewable.

Even if the constitutional attack upon Sec. 38 of Ga. L. 1937-38, Ex. Sess., pp. 214, 243 (*Code Ann.* § 22-1876), made by the defendant's demurrers, were determined to be valid, such would not be a final disposition of the cause, but the plaintiff's suit would still proceed. Other provisions of the same statute, which are not attacked, provide that corporate existence continues, after dissolution, until final disposition of suits pending at such dissolution or brought within three years thereafter (Sec. 36; *Code Ann.* § 22-1874); that the directors of such corporations shall be trustees with full power to settle the corporate affairs (Sec. 37; *Code Ann.* § 22-1875); that such trustees shall pay the corporate debts as therein directed (Sec. 39; *Code Ann.* § 22-1878); and that if any corporation is dissolved "before final judgment obtained in any action pending in any court of this state against such corporation, the said action shall not abate by reason thereof. . ." Sec. 40; *Code Ann.* § 22-1879.

In view of the foregoing, the writ of error is

*Dismissed. All the Justices concur.*